IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>George H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201-2525<br><br>  Plaintiff,<br><br>v.<br><br>DIANE D. ROMAINE, DMD, PA<br>T/A DR. DIANE D. ROMAINE & ASSOCIATES<br>151 Bishop Murphy Drive<br>Frostburg, MD 21532<br><br>  Defendant. | **COMPLAINT AND JURY TRIAL DEMAND**<br><br>Civil Action No. |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments of 2008 ("ADA"); and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and sex (female) and to provide appropriate relief to Nicole R. Wiland ("Wiland"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant Diane D. Romaine, DMD, PA T/A Dr. Diane D. Romaine & Associates ("Defendant") unlawfully discriminated against Wiland by demoting her to part-time; failing to reasonably accommodate her and terminating her employment as Hygiene Coordinator because of her sex (female), actual disability and record of a disability, in violation of Title VII and the ADA.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Baltimore Division.

## PARTIES

3.     Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.     At all relevant times, Defendant has continuously been a Maryland corporation doing business in the State of Maryland and the City of Frostburg, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections

701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Nicole R. Wiland filed a charge of discrimination with the Commission alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. On or around August 31, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII of the Civil Rights Act of 1964 and Title I of the ADA were violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On or around September 27, 2018, the Commission issued to Defendant a Notice

of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### Count I – Title VII

14. Since at least in or around November 2016, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(l) by demoting her and discharging her because of her sex (female).

    a. Defendant hired Wiland as a part-time Hygiene Coordinator on July 27, 2015 and promoted her to full-time status on December 14, 2015. As Hygiene Coordinator, Wiland was responsible for calling and sending hygiene appointment reminder postcards to patients. She also assisted with checking patients in and out at the front desk. When working full-time, she assumed additional responsibilities such as entering bills for the practice into the computer.

    b. In or around November 2016, Wiland informed Defendant that she was pregnant and that her physician considered her to have a high-risk pregnancy. On or about December 8, 2016, Defendant demoted Wiland from full-time to part-time status.

    c. In or around February 2017, Wiland was diagnosed with vasa previa, a condition where the membranes that contain blood vessels connecting the umbilical cord and placenta lie across or near the opening of cervix—the entrance to the birth canal. Because the blood vessels can be torn when the membranes rupture, the fetus and mother are at risk for blood loss. Wiland was also diagnosed with a shortening cervix which placed her at further risk for premature labor. Wiland's physician eventually placed her on complete bedrest at home.

    d. On or around February 22, 2017, Wiland began a medical leave of absence from

4

Defendant. In mid-March 2017, Wiland provided Defendant's Office Manager Candy White with disability paperwork stating that her expected delivery date was July 6, 2017, and her expected return to work date was September 15, 2017.

  e. During one of Wiland's weekly monitoring visits on or about April 14, 2017, her physician determined that she needed to be hospitalized for closer monitoring due to the serious risk of harm to the fetus and her if the blood vessels were to burst. At the time, Wiland was 28 weeks pregnant. Wiland was subsequently hospitalized where she remained on complete bedrest in a room adjacent to a hospital operating room and underwent daily stress tests and ultrasounds. On May 5, 2017, when she was 31 weeks pregnant, Wiland underwent an emergency C-section and gave birth to her son who remained in the NICU for the following five weeks.

  f. On or about May 30, 2017, White contacted Wiland and requested she provide an estimated timeline for her return to work. Wiland indicated that she was visiting her physician the following week and would let Defendant know of her return plans.

  g. In or around early June 2017, Wiland became extremely sick and was admitted to the Emergency Room. She was subsequently diagnosed with a uterine infection, extreme pain at the C-section incision site, and an abscess ovarian cyst. Because of these ongoing complications, Wiland's physician would not release her to return to work. During the last week of June 2017, White informed Wiland that she wanted her to return to work by July 3, 2017. Wiland told White that she could not return by that date because of ongoing complications related to her pregnancy and she was still under her physician's care.

  h. On July 10, 2017, White informed Wiland that Defendant was terminating her employment. Wiland told White that she anticipated returning shortly after she visited her

5

physician and requested that Defendant hold open her job, even if on a part-time basis. White denied her request and terminated her employment.

i. On or about July 24 or 25, 2017, Wiland's physician released her to return to work.

j. Defendant hired Wiland's replacement on September 5, 2017.

k. During Wiland's absence, no other employee performed her job duties.

l. Wiland performed her job successfully until her discharge.

### Count II – Title I of the ADA

15. Since at least in or around July 2017, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Wiland a reasonable accommodation for her disability and discharging her because of her disability.

16. The Commission hereby incorporates by reference the allegations contained in paragraphs 14a through l, as if fully set forth herein.

17. At all relevant times, Wiland has been an individual with an actual disability and a record of a disability as defined by the ADA.

18. As a result of her disability, Wiland is substantially limited in the major bodily function of reproduction.

19. At all relevant times, Wiland was qualified to perform the essential functions of the Hygiene Coordinator position.

20. The effect of the practices complained of in paragraphs 14-19 above has been to deprive Wiland of equal employment opportunities and otherwise adversely affect her status as

an employee because of her sex (female) and disability.

21. The effect of the practices complained of in paragraphs 14-19 above has been to deprive Wiland of equal employment opportunities and otherwise adversely affect her rights under Title VII and the ADA resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her sex and disability.

22. The unlawful employment practices complained of in paragraphs 14-19 above were intentional.

23. The unlawful employment practices complained of in paragraphs 14-19 above were done with malice or with reckless indifference to the federally protected rights of Wiland.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating by discharging qualified employees because of a disability or by failing to provide reasonable accommodations to individuals covered by the ADA;

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of sex, including discrimination on the basis of pregnancy;

C. Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices;

7

D.  Order Defendant to make whole Wiland by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

E.  Order Defendant to make whole Wiland by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

F.  Order Defendant to make whole Wiland by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

G.  Order Defendant to pay Wiland punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial;

H.  Grant such further relief as the Court deems necessary and proper in the public interest; and

I.  Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Debra M. Lawrence*
DEBRA M. LAWRENCE
Philadelphia District Regional Attorney

*/s/ Maria Salacuse*
MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525
phone: 410-209-2733 | fax: 410-962-4270
maria.salacuse@eeoc.gov